IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERA KERN, individually and on behalf of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) FILED: APRIL 9, 2009<br>09CV2202<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE COLE<br>BR |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, Vera Kern ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons against Defendant LVNV Funding, LLC ("LVNV") for conduct that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692p ("FDCPA").

2. The FDCPA broadly prohibits the use of any false, deceptive or misleading statements in connection with the debt and it requires debt collectors to provide consumers with certain truthful information. 15 U.S.C. § 1692e.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 15 U.S.C. §1692k (FDCPA).

4. Venue and personal jurisdiction over LVNV in this District is proper because:

    a. Plaintiff resides in the District;

1

      b.      LVNV transacts business in the District via the telephone lines and mails;

      c.      LVNV's collection activities towards Plaintiff occurred within the District; and

      d.      LVNV regularly files suit under its name in Illinois filing over 1,000 lawsuits in the State of Illinois for the year 2008.

## PARTIES

5.    Plaintiff is an individual who resides in the Northern District of Illinois.

6.    LVNV is a limited liability company organized under Delaware law with its principal office located at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401. LVNV does business in Illinois and its registered agent and its office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

7.    LVNV purchases portfolios of both domestic and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers and enforces those debts against individuals by filing collection lawsuits.

8.    LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

## FACTS

9.    On or about November 20, 2008, LVNV filed suit against Plaintiff in the matter styled, <u>LVNV FUNDING, LLC vs. VERA KERN</u>, 08 M1 191364, Circuit Court of Cook County, Illinois, First Municipal District (the "state court complaint"). Attached hereto as <u>Exhibit 1</u> is a copy of the state court complaint with its attached exhibits.

10. Paragraph 1 of the state court complaint identifies the original creditor as, "Compucredit Acquisitions Fundi" and that the account opened was "4791060014408131".

11. The document attached to the state court complaint, "PLAINTIFF'S AFFIDAVIT OF INDEBTEDNESS AND OWNERSHIP OF ACCOUNT", paragraph 3 in pertinent part states that, "Based on the business records maintained on the account 4791060014408131 (hereafter 'Account') . . . the Account is the result of the extension of credit to VERA KERN by OSI/Gulf State Credit-original creditor. . . ."

12. The document attached to the state court complaint, "PLAINTIFF'S AFFIDAVIT OF INDEBTEDNESS AND OWNERSHIP OF ACCOUNT", is a form document with data such as, for example, the name of the original creditor merged into it from a database.

13. The document attached to the state court complaint with the footer, "This statement is not an original" states in pertinent part, "Original Creditor: OSI/Gulf State Credit-original creditor\ COMPUCREDIT ACQUISITION FUNDING".

14. The document attached to the state court complaint with the footer, "This statement is not an original" is a form document with data such as, for example, the name of the original creditor merged into it from a database.

15. Prior to the filing of the state court matter, in a letter dated June 20, 2008, Plaintiff disputed the debt with LVNV's counsel Blitt & Gaines, P.C., specifically stating, "I am writing to dispute the validity of my debt to LVNV Funding. . . . I am requesting that you obtain verification that this debt belongs to me. I have several accounts listed on my credit report [that] do not belong to me. This being one of them." Exhibit 2.

16. Plaintiff's letter dated June 20, 2008, was sent via certified mail and was received by Blitt & Gaines, P.C. on June 23, 2008. Exhibit 3.

17. Plaintiff did not receive any response to her letter dated June 20, 2008, disputing the debt.

18. On information and belief, LVNV's state court matter filed against Plaintiff was an attempt to collect a purported debt incurred for personal, family, or household purposes.

19. On April 9, 2009, LVNV dismissed the matter against Plaintiff without prejudice.

## COUNT I – CLASS CLAIM
## FDCPA §§ 1692e and e(10) VIOLATIONS

20. Plaintiff incorporates paragraphs 1-19 above.

21. 15 U.S.C. §1692e provides in pertinent part that, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. 15 U.S.C. §1692e(10) provides in pertinent part that, "The use of any false representation or deceptive means to collect or attempt to collect any debt" is prohibited.

23. The statements made by LVNV in its state court complaint and attached exhibits are false as one, but not the other of the purported original creditors, "OSI/Gulf State Credit" and "Compucredit Acquisition Funding" or "Compucredit Acquisitions Fundi" can be true.

24. The name of the original creditor used in the context of attempting to collect a debt is a material statement.

25. The state court complaint and its attached exhibits stating that the original creditor is "OSI/Gulf State Credit" and "Compucredit Acquisition Funding" or "Compucredit Acquisitions Fundi" is deceptive.

4

26. The state court complaint and its attached exhibits stating that the original creditor is "OSI/Gulf State Credit" and "Compucredit Acquisition Funding" or "Compucredit Acquisitions Fundi" is misleading.

27. LVNV violated 15 U.S.C. §§ 1692e and e(10).

## CLASS ALLEGATION

28. Plaintiff brings this action on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

29. The class consists of (a) all natural persons with either an Illinois, Indiana or Wisconsin address (b) where LVNV Funding, LLC filed suit with the state court complaint and its attached exhibits stating that OSI/Gulf State and Compucredit Acquisition Funding or any variation thereof, e.g. "Compucredit Acquisitions Fundi" as the original creditor (c) during a period beginning one year from the filing of this Complaint and ending 20 days after the filing of this Complaint.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

31. The predominant question is whether a state court complaint with its exhibits that states multiple original creditors violates the FDCPA §§ 1692e and e(10).

32. Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the same factual and legal theories.

33. The class is so numerous that joinder of all the members is impractical.

34. Plaintiff will fairly and adequately represent the members of the class.

35. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

36. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. LVNV's course of conduct is believed to affect a large group of individuals;

    b. Multiple individual actions are not judicially economical;

    c. Congress contemplated class actions as a means of enforcing the FDCPA; and

    d. The Class members are unaware that their rights have been violated.

### COUNT II – INDIVIDUAL CLAIM
### FDCPA § 1692g(b) VIOLATION

37. Plaintiff incorporates paragraphs 1-19 above.

38. 15 U.S.C. § 1692g(b) provides:

(b) Disputed debts

*If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, . . . , the debt collector shall cease collection of the debt,* or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and *a copy of such verification or judgment, or name and address of the original creditor*, *is mailed to the consumer by the debt collector*.

15 U.S.C. § 1692g(b) (emphasis added).

39. LVNV violated 15 U.S.C. § 1692g(b) by commencing suit against Plaintiff without first responding in writing to Plaintiff's dispute of the debt.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and the Class and against LVNV for:

    (1) Statutory damages;

6

  (2) Attorney's fees, litigation expenses and costs of suit; and

  (3) Such other relief as the Court deems proper.

           Respectfully submitted,

           <u>s/ Curtis C. Warner</u>
            Curtis C. Warner

Curtis C. Warner  ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## NOTICE OF ASSIGNMENT

  Please be advised that all rights relating to attorney's fees have been assigned to counsel.

           <u>s/ Curtis C. Warner</u>
            Curtis C. Warner

Curtis C. Warner  ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)