**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| VERA KERN, individually and on behalf of a class of similarly situated persons, | ) Case No.: 09-CV-2202 <br> ) <br> ) Judge Andersen |
| Plaintiff, | ) Magistrate Judge Cole |
| v. | ) <br> ) |
| LVNV FUNDING, LLC, | ) <br> ) |
| Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF LVNV FUNDING, LLC TO PLAINTIFF'S COMPLAINT**

Defendant, LVNV Funding, LLC ("LVNV"), by and through its undersigned counsel, as and for its Answer to the Complaint ("Complaint") of Plaintiff Vera Kern ("Plaintiff"), in the above-captioned matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

**INTRODUCTION**

1. Plaintiff, Vera Kern ("Plaintiff"), brings this action individually and on behalf of a class of similarly situated persons against Defendant, LVNV Funding, LLC ("LVNV"), for conduct that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692p ("FDCPA").

ANSWER: In response to paragraph 1 of Plaintiff's Complaint, LVNV admits that Plaintiff brings this matter asserting a putative class and alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies that it violated any law.

2. The FDCPA broadly prohibits the use of any false, deceptive or misleading statements in connection with the debt and it requires debt collectors to provide consumers with certain truthful information. 15 U.S.C. § 1692e.

ANSWER: In response to paragraph 2 of Plaintiff's Complaint, LVNV states that the statutory section referenced speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the referenced statutory section.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 15 U. S.C. § 1692k (FDCPA).

ANSWER: LVNV denies that this Honorable Court has jurisdiction as set forth in Paragraph 3 of Plaintiff's Complaint as there has been no violation of law.

4. Venue and personal jurisdiction over LVNV in this District is proper because:

   a. Plaintiff resides in the District;

   b. LVNV transacts business in the District via the telephone lines and mails;

   c. LVNV's collection activities towards Plaintiff occurred within the District; and

   d. LVNV regularly files suit under its name in Illinois, filing over 1,000 lawsuits in the State of Illinois for the year 2008.

ANSWER: In response to paragraph 4 of Plaintiff's Complaint, LVNV denies that venue and personal jurisdiction are proper as to LVNV as there has been no violation of law and denies that it transacts business in the District via the telephone lines and mails and puts Plaintiff to her strictest burden of proof thereof. LVNV admits, upon information and belief, that lawsuits are filed on its behalf and in its name in the State of Illinois. LVNV

is without knowledge or information sufficient to form a belief as to whether it transacted business in this District and therefore denies the same.

## PARTIES

5.     Plaintiff is an individual who resides in the Northern District of Illinois.

ANSWER:  LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's Complaint and therefore denies the same.

6.     LVNV is a limited liability company organized under Delaware law, with its principal office located at 200 Meeting Street, Suite 206, Charleston, South Carolina 29401. LVNV does business in Illinois and its registered agent and its office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

ANSWER:  In response to paragraph 6 of Plaintiff's Complaint, LVNV admits the information that pertains to its registered agent and admits that it is a limited liability company organized under Delaware law.  LVNV denies that it "does business" in Illinois.  LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

7.     LVNV purchases portfolios of both domestic and international consumer debt owned by credit grantors, including banks and finance companies, and by other debt buyers and enforces those debts against individuals by filing collection lawsuits.

ANSWER:  In response to paragraph 7 of Plaintiff's Complaint, LVNV admits that it acquires portfolios of consumer debt and admits that collection lawsuits attempting to enforce the debts are filed on its behalf by counsel in LVNV's name.

8. LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

ANSWER: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint.

### FACTS

9. On or about November 20, 2008, LVNV filed suit against Plaintiff in the matter styled, <u>LVNV FUNDING, LLC vs. VERA KERN,</u> 08 M1 191364, Circuit Court of Cook County, Illinois, First Municipal District (the "state court complaint"). Attached hereto as <u>Exhibit 1</u> is a copy of the state court complaint with its attached exhibits.

ANSWER: In response to paragraph 9 of Plaintiff's Complaint, LVNV admits, upon information and belief, that the referenced lawsuit was filed on its behalf with the Circuit Court of Cook County, Illinois. LVNV is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

10. Paragraph 1 of the state court complaint identifies the original creditor as, "Compucredit Acquisitions Fundi" and that the account opened was "*************8131" [redacted].

ANSWER: In response to paragraph 10 of Plaintiff's Complaint, LVNV states that Paragraph 1 of Exhibit 1 speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the referenced document. Specifically, LVNV admits that the account number referenced is set forth in Paragraph 1 of Exhibit 1. LVNV further admits that "Compucredit Acquisitions Fundi" is listed in said paragraph, but denies that it is listed as the "original creditor".

11. The document attached to the state court complaint, "PLAINTIFF'S AFFIDAVIT OF INDEBTEDNESS AND OWNERSHIP OF ACCOUNT", paragraph 3 in pertinent part states that, "Based on the business records maintained on the account ************8131 [redacted] (hereafter "Account") . . . the Account is the result of the extension of credit to VERA KERN by OSI/Gulf State Credit-original creditor. . . ."

ANSWER: In response to paragraph 11 of Plaintiff's Complaint, LVNV states that Paragraph 3 of the attachment to the state court complaint speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the referenced document.

12. The document attached to the state court complaint, "PLAINTIFF'S AFFIDAVIT OF INDEBTEDNESS AND OWNERSHIP OF ACCOUNT", is a form document with data such as, for example, the name of the original creditor merged into it from a database.

ANSWER: In response to paragraph 12 of Plaintiff's Complaint, LVNV states that the attachment to the state court complaint speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the referenced document. LVNV admits, upon information and belief and to the extent "form" refers to a document that is used on more than one occasion, that the document is a form document that pulls data by merging the information contained in a database.

13. The document attached to the state court complaint with the footer, "This statement is not an original" states in pertinent part, "Original Creditor: OSI/Gulf State Credit-original creditor\ COMPUCREDIT ACQUISITION FUNDING".

ANSWER: In response to paragraph 13 of Plaintiff's Complaint, LVNV states that the referenced attachment to the state court complaint speaks for itself, while denying said

paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the referenced document. LVNV admits that the document contains the language alleged.

14. The document attached to the state court complaint with the footer, "This statement is not an original" is a form document with data such as, for example, the name of the original creditor merged into it from a database.

ANSWER: In response to paragraph 14 of Plaintiff's Complaint, LVNV states that the referenced attachment to the state court complaint speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the referenced document. LVNV admits, upon information and belief and to the extent "form" refers to a document that is used on more than one occasion, that the document is a form document that pulls data by merging the information contained in a database.

15. Prior to the filing of the state court matter, in a letter dated June 20, 2008, Plaintiff disputed the debt with LVNV's counsel Blitt & Gaines, P.C., specifically stating, "I am writing to dispute the validity of my debt to LVNV Funding. . . . I am requesting that you obtain verification that this debt belongs to me. I have several accounts listed on my credit report [that] do not belong to me. This being one of them." Exhibit 2.

ANSWER: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Plaintiff's letter dated June 20, 2008 was sent via certified mail and was received by Blitt & Gaines, P.C. on June 23, 2008. Exhibit 3.

ANSWER: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. Plaintiff did not receive any response to her letter dated June 20, 2008, disputing the debt.

ANSWER: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. On information and belief, LVNV's state court matter filed against Plaintiff was an attempt to collect a purported debt incurred for personal, family, or household purposes.

ANSWER: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. On April 9, 2009, LVNV dismissed the matter against Plaintiff without prejudice.

ANSWER: In response to paragraph 19 of Plaintiff's Complaint, LVNV admits, upon information and belief, that its counsel dismissed the state court action against Plaintiff without prejudice on or about April 9, 2009.

## COUNT I – CLASS CLAIM

## FDCPA §§ 1692e and e(10) VIOLATIONS

20. Plaintiff incorporates paragraphs 1 – 19 above.

ANSWER: In response to paragraph 20 of Plaintiff's Complaint, LVNV adopts by reference paragraphs 1 through 19 of this Answer as though fully set forth herein.

21.     15 U.S.C. § 1692e provides in pertinent part that, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

ANSWER:  In response to paragraph 21 of Plaintiff's Complaint, LVNV states that FDCPA speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the FDCPA or case law interpreting said statute.  Upon information and belief, the quoted language is contained in the FDCPA.

22.     15 U.S.C. §1692e(10) provides in pertinent part that, "The use of any false representation or deceptive means to collect or attempt to collect any debt" is prohibited.

ANSWER:  In response to paragraph 22 of Plaintiff's Complaint, LVNV states that FDCPA speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the FDCPA or case law interpreting said statute.  Upon information and belief, the quoted language is contained in the FDCPA.

23.     The statements made by LVNV in its state court complaint and attached exhibits are false as one, but not the other of the purported original creditors, "OSI/Gulf State Credit" and "Compucredit Acquisition Funding" or "Compucredit Acquisitions Fundi" can be true.

ANSWER:  LVNV denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24.     The name of the original creditor used in the context of attempting to collect a debt is a material statement.

ANSWER: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. The state court complaint and its attached exhibits stating that the original creditor is "OSI/Gulf State Credit" and "Compucredit Acquisition Funding" or "Compucredit Acquisitions Fundi" is deceptive.

ANSWER: LVNV denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. The state court complaint and its attached exhibits stating that the original creditor is "OSI/Gulf State Credit" and "Compucredit Acquisition Funding" or "Compucredit Acquisitions Fundi" is misleading.

ANSWER: LVNV denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. LVNV violated 15 U.S.C. §§ 1692e and e(10).

ANSWER: LVNV denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

## CLASS ALLEGATION

28. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

ANSWER: In response to paragraph 28 of Plaintiff's Complaint, LVNV admits that Plaintiff purports to bring this matter on behalf of a class but denies that any class exists and denies that a class should be certified.

29. The class consists of (a) all natural persons with either an Illinois, Indiana or Wisconsin address (b) where LVNV Funding, LLC filed suit with the state court complaint and its attached exhibits stating that OSI/Gulf State and Compucredit Acquisition Funding or any variation thereof, e.g. "Compucredit Acquisitions Fundi" as the original creditor (c) during a

period beginning one year from the filing of this Complaint and ending 20 days after the filing of this Complaint.

ANSWER: In response to paragraph 29 of Plaintiff's Complaint, LVNV admits that Plaintiff purports to bring this matter on behalf of a class as defined above, but denies that any class exists and denies that a class should be certified.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

ANSWER: LVNV denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. The predominant question is whether a state court complaint with its exhibits that states multiple original creditors violates the FDCPA §§ 1692e and e(10).

ANSWER: LVNV denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the same factual and legal theories.

ANSWER: LVNV denies the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. The class is so numerous that joinder of all the members is impractical.

ANSWER: LVNV denies the allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. Plaintiff will fairly and adequately represent the members of the class.

ANSWER: LVNV denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Plaintiff has retained experienced counsel in FDCPA matters and class action litigation.

ANSWER: LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. A class action is superior for the fair and efficient adjudication of this matter in that:

- a. LVNV's course of conduct is believed to affect a large group of individuals;
- b. Multiple individual actions are not judicially economical;
- c. Congress contemplated class actions as a means of enforcing the FDCPA; and
- d. The Class members are unaware that their rights have been violated.

ANSWER: LVNV denies the allegations set forth in paragraph 36 of Plaintiff's Complaint, and all its subparts.

## COUNT II – INDIVIDUAL CLAIM

## FDCPA § 1692g(b) VIOLATION

37. Plaintiff incorporates paragraphs 1 – 19 above.

ANSWER: In response to paragraph 37 of Plaintiff's Complaint, LVNV adopts by reference paragraphs 1 through 36 of this Answer as though fully set forth herein.

38. 15 U.S.C. § 1692g(b) provides:

> (b) Disputed debts
>
> ***If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, . . . , the debt collector shall cease collection of the debt,*** or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address

of the original creditor, and *a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.*

15 U.S.C. § 1692g(b) (emphasis added).

ANSWER: In response to paragraph 38 of Plaintiff's Complaint, LVNV states that FDCPA speaks for itself, while denying said paragraph to the extent, if any, that it is inconsistent with or otherwise misinterprets the FDCPA or case law interpreting said statute. Upon information and belief, the quoted language is contained in the FDCPA.

39. LVNV violated 15 U.S.C. § 1692g(b) by commencing suit against Plaintiff without first responding in writing to Plaintiff's dispute of the debt.

ANSWER: LVNV denies the allegations set forth in paragraph 39 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which LVNV denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

## **FOURTH DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages and/or liability against LVNV.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiffs as follows:

1. Dismissing all causes of action against LVNV with prejudice and on the merits; and

2. Awarding LVNV such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

    s/ Michael S. Poncin
One of the attorneys for Defendant

John K. Rossman
Michael S. Poncin
James R. Bedell
MOSS & BARNETT, PA
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129

Stacie E. Barhorst, Esq.
BARHORST & ASSOCIATES, P.C.
180 N. LaSalle Street
Suite 2105
Chicago, IL 60601